IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| § | |
| v. § | Criminal No. 1:18cr48-HSO-JCG-1 |
| § | |
| § | |
| § | |
| **JABARRI SIMEON BUTLER** § | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT JABARRI
SIMEON BUTLER'S MOTION [42] FOR COMPASSIONATE RELEASE**

BEFORE THE COURT is Defendant Jabarri Simeon Butler's Motion [42] for Compassionate Release. The Court finds that this Motion [42] should be denied without prejudice for failure to exhaust administrative remedies.

I. BACKGROUND

Pursuant to a Second Amended Plea Agreement with the Government, on September 7, 2018, Defendant Jabarri Simeon Butler ("Defendant" or "Butler") pleaded guilty to Count 2 of an Indictment in this case, which charged that Butler

> aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine , a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Indictment [3] at 1; Second Am. Plea Agreement [24] at 1.

On January 31, 2019, the Court sentenced Butler to imprisonment for a term of 270 months, followed by five years of supervised release. Min. Entry, Jan. 31, 2019; J. [37]. Butler is presently incarcerated at the Federal Correctional Institution, Three Rivers ("FCI Three Rivers") in Three Rivers, Texas. *See* Reply [51] at 2; Resp. [48] at 1.

Butler filed the instant Motion [42] for Compassionate Release on September 30, 2020, asking the Court to order his early release or allow him to serve the remainder of his sentence on home confinement due to the COVID-19 pandemic. Mot. [42] at 1-2. The Motion [42] details Butler's pre-existing medical conditions, including high blood pressure and asthma, *id*. at 1, and his desire to provide care for his "terminally ill father," *id*., which he believes constitute extraordinary and compelling reasons justifying compassionate release.

The Government opposes Butler's Motion [42], asserting that the Court should deny it without prejudice because Butler has not exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Resp. [48] at 7. Alternatively, the Government contends that, if the Court reaches the merits, it should deny the Motion [42] with prejudice because Butler has failed to present any extraordinary and compelling reasons warranting a sentence reduction. *See id*. at 11-14. The Government also maintains that Butler has not met his burden of showing that a reduction is warranted in light of the danger he would pose to the community and the relevant factors set forth at 18 U.S.C. § 3553(a). *Id*. at 14-15.

In his Reply [51], Butler claims that he has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.* at 1. Butler further avers that his "well-documented health conditions, including asthma and [hypertension]," warrant his early release because he is "powerless to take the preventative self-care measures" at FCI Three Rivers, *id.* at 13, and that he does not pose a threat to the public under the applicable 18 U.S.C. § 3553(a) factors, *id.*

## II. DISCUSSION

Section 3582(b) of Title 18 of the United States Code provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Butler is subject to the four-step BOP grievance process under 28 C.F.R. §§ 542.13 through 542.15. *See Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *see also* 28 C.F.R. § 542.10 (explaining that the Administrative Remedy Program outlined in 28 C.F.R. §§ 542.10 through 542.19 applies to all people incarcerated in institutions operated by BOP). To "fully exhaust all administrative remedies," Butler must submit a formal written Administrative Remedy Request using form BP-9. 28 C.F.R. § 542.14. If Butler receives a denial of his BP-9 and wishes to appeal, he must adhere to the regulation's appellate procedure, which provides as follows

> [a]n inmate . . . may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a). If necessary, the time to respond may be extended by 20 days by the Warden, by 30 days by the Regional Director, or by 20 days by the General Counsel. *Id.* The regulations further provide that "[i]f the inmate does not receive a response within the *time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.*" *Id.* (emphasis added).

This Court has interpreted the phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is only satisfied when 30 days have passed from the date the warden receives the request *and* BOP has not

4

taken any action on it.  *United States v. Allen*, 1:15-cr-36-HSO-JCG-1, ECF 70 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020).

    On September 30, 2020, Butler filed the instant Motion [42] claiming that he has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A), *id*. at 1, because he "filed a formal request with the warden of his facility for compassionate release," which was denied on August 13, 2020.  Mot. [42] at 1; Ex. [42-1] at 1.  However, under the plain language of 18 U.S.C. § 3582(c)(1)(A), a court can only modify a term of imprisonment if a defendant files his motion "after" he has fully exhausted his administrative remedies.  *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020); *see* 18 U.S.C. § 3582(c)(1)(A).  The Fifth Circuit has recently concluded that the 18 U.S.C. § 3582(c)(1)(A) exhaustion requirement "is mandatory."  *Id*.

    Here, Butler has presented evidence that Warden M. Rios of FCI Three Rivers, received Butler's request for compassionate release and denied it in writing on August 13, 2020.  Ex. [42-1] at 1.  The Warden's letter stated that Butler "do[es] not meet the guidelines . . . for Compassionate Release/RIS based on [his] health conditions and to assist [his] terminally ill father."  *Id*.  The Warden's letter further noted that Butler "may utilize the administrative remedy process by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of this response."  *Id*.

5

Butler was thus required to pursue the administrative appeals process with the BOP before filing a motion for compassionate release in this Court. He has not submitted any evidence that shows he has pursued an appeal of the Warden's denial. By failing to appeal the denial to the Regional Director, Butler did not fully exhaust his administrative remedies. *See* 28 C.F.R. §§ 542.13 through 542.15 (setting forth the BOP's Administrative Remedy Procedure, which would entail appealing the warden's decision to the appropriate regional director, and then, if unsatisfied with the regional director's decision, appealing this decision to the General Counsel of the BOP); *see also United States v. Blevins*, No. 5:09-CR-15-DCB-JCS, 2020 WL 3260098, at *3 (S.D. Miss. June 16, 2020) ("By failing to appeal the warden's decision to the Regional Director, [the defendant] has not fully exhausted his administrative rights and the [motion] must be dismissed.").

Because Butler did not comply with the 18 U.S.C. § 3582(c)(1)(A) mandatory exhaustion requirement before filing his Motion for Compassionate Release [42], his Motion is not well taken and should be denied without prejudice for failure to exhaust administrative remedies.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Jabarri Simeon Butler's Motion [42] for Compassionate Release is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 4th day of November, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE